UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL J. JOHNSON, et al.,

                        Plaintiffs,

                                                                                      DECISION AND ORDER

                                                                                              08-CV-6459L

                        v.

SENECA COUNTY, a municipal
corporation, et al.,

                        Defendants.
_____

This is a civil action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988. On April 5, 2010 (Dkt. #26) three of the individual plaintiffs (hereafter "plaintiffs") moved for an Order awarding attorneys' fees and costs as "prevailing parties" under 42 U.S.C. §1988, on the grounds that defendants had agreed to settle the case for a sum which did not include attorneys fees, and that plaintiffs had accepted. Defendants oppose the motion, on the grounds that their initial offer of judgment, which plaintiffs purported to accept, included attorneys fees.

## INTRODUCTION

The relevant facts are not in dispute. Plaintiffs filed their Amended Complaint on or about October 28, 2008. The prayer for relief contains separate requests for awards of "attorneys fees and costs pursuant to 42 U.S.C. §1988" for each of the individual plaintiffs. (Dkt. #2 at 22-23).

On March 10, 2010, defendants extended an offer of judgment to plaintiffs pursuant to Fed. R. Civ. P. 68, "in the amount of $10,000.000 *in full satisfaction of all claims brought by plaintiffs against them in the above referenced suit*." (Dkt. #26-3 at Exh. 2) (emphasis added)

On March 24, 2010, plaintiffs' counsel responded that the plaintiffs had accepted the offer of judgment. Counsel noted, however, that "[b]ecause *the Offer of Judgment does not include costs and attorneys' fees*, settled law allows plaintiffs, as prevailing parties, to make an application with the Court for costs, including attorneys' fees, upon plaintiffs' acceptance of the Offer of Judgment. Accordingly, we will submit plaintiffs' application for costs and attorneys' fees to the Court with notice that we have accepted the Offer of Judgment." (Dkt. #26-3 at Exh. 4) (emphasis added). The response was sent via hand delivery and e-mail: within five minutes, defendants' counsel responded, stating: "As discussed with [plaintiffs' counsel], *the offer was in full satisfaction of the claims and fees*. We specifically discussed that my client will not pay a penny more than the 10,000 figure, all in, including fees. We had a pointed discussion about that fact. Again, it's 10,000 total. Not a cent more for anything else. If that's not acceptable, the [sic] please reject it. If it is acceptable, it remains open." (Dkt. #26-3 at Exh. 5) (emphasis added).

DISCUSSION

It is well settled that, where an offer of judgment is silent as to whether it includes attorneys fees, the Court must look to the surrounding circumstances to interpret the meaning of the offer. Generally, an offer which does not explicitly state that attorneys fees and costs are included will be deemed not to include them, and "the court will be obliged by the terms of [Fed. R. Civ. Proc. 68] to include in its judgment an additional amount which is in its discretion." *Marek v. Chesny*, 473 U.S. 1, 6 (1984). However, where a party offers to settle "all counts of the complaint" for a specific amount, *and the complaint contains a claim for attorneys fees*, the offer will be deemed to have already included attorneys fees. *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392-393

(7th Cir. 1999). *See also McCain v. Detroit II Auto Finance Center*, 378 F.3d 561, 565 (6th Cir. 2004); Moore's Federal Practice 3d at §68.02[4].

Here, the initial offer of judgment by defendants was unambiguously intended to cover "all claims brought by plaintiffs against [defendants]" in this case. Because the plaintiffs' Amended Complaint contained individualized claims for attorneys fees, the offer of judgment to settle "all claims" for a certain amount included, as a matter of law, the three individual plaintiffs' attorneys fees within that sum certain.

The plaintiffs' attempt to accept the offer – with the caveat that attorneys' fees would comprise a separate, additional amount – illustrates that the plaintiffs either innocently misunderstood the scope of the defendants' offer to settle "all claims," or else deliberately engaged in "sharp practice" by attempting to exploit the defendants' failure to specify in writing whether attorneys fees were included. While the Court will not speculate as to which of these motives compelled plaintiffs' initial response to the offer of judgment, I find that plaintiffs' continued attempt to pursue its own interpretation of that offer by means of the instant motion, despite efforts by opposing counsel and the Court to afford opportunities for resolution of the dispute, is both troubling and regrettable.

In any event, plaintiffs' qualified response to the defendants' offer of judgment proves that there was no meeting of the minds sufficient to give rise to a binding settlement agreement. *See generally Aderman v. Niagara Wheatfield Cent. Sch. Dist.,* 2003 U.S. Dist. LEXIS 9997 at *8 n. 7 (W.D.N.Y. 2003). Simply put, the plaintiff's acceptance was not an acceptance of the offer *as made*, but a counter-offer for a greater sum than defendants had offered. *See e.g.*, *Stewart v. Professional Computer Centers, Inc.*, 148 F.3d 937, 939-940 (8th Cir. 1998) ("no manifestation of mutual assent [to an offer of judgment] can be found" where the offer to settle "all claims" would have included claims for attorneys fees, but plaintiff assented to the offer with the statement that she would also be seeking attorneys fees). Because the defendants promptly and unequivocally declined that counter-offer, there was no valid settlement agreement. The plaintiffs' motion for attorneys' fees

and costs related to the alleged settlement (Dkt. #26) is therefore denied in its entirety, and the Clerk is directed to strike plaintiffs' notice of acceptance of the offer of judgment (Dkt. #25) from the docket.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      February 28, 2011.